# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

GARY and PATRICIA LITTLEJOHN,
as Co-Administrators of
the ESTATE of CHRISTOPHER
LITTLEJOHN, deceased                                        PLAINTIFFS

V.                                         CIVIL ACTION NO. 1:14-CV-00044-SA-DAS

WERNER ENTERPRISES, INC., and
CLIVE CARVEY                                                DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs Gary Littlejohn and Patricia Littlejohn, acting as co-administrators of the Estate of Christopher Littlejohn, commenced this personal injury action to recover compensatory and punitive damages from Defendants Clive Carvey and Werner Enterprises, Inc. ("Werner"). Werner has filed a Motion for Partial Summary Judgment [51]. Upon consideration of the motion, responses, rules, and authorities, the Court finds as follows:

Factual and Procedural Background

Plaintiffs allege that in January 2014, Defendant Clive Carvey was operating a Freightliner truck owned by Defendant Werner on US Highway 72 in Tishomingo County, Mississippi. Plaintiffs contend that Carvey drove the truck past the weigh station for Iuka, Mississippi, and then stopped and reversed in regular lanes of traffic, "seemingly to go back to the weigh station." Plaintiffs further allege that, as Carvey was backing his vehicle up, Christopher Littlejohn's vehicle collided with the rear of Carvey's vehicle, fatally injuring Littlejohn.

Plaintiffs brought suit in this Court, pursuing theories of negligence, gross negligence, and wantonness against both Carvey and Werner, as well as negligent hiring, negligent training,

and negligent supervision against Werner. Plaintiffs have also alleged that, "[a]s principal of Defendant Carvey," Werner is responsible for Carvey's conduct arising "within the scope of his agency . . . ."

Werner filed the pending Motion for Partial Summary Judgment [51], urging the Court to dismiss any of Plaintiffs' claims against Werner for punitive damages that may be predicated solely on its vicarious liability for Carvey's conduct.

## Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A party may seek summary judgment on an entire claim or part of a claim. FED. R. CIV. P. 56(a).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). However, conclusory

allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

Discussion and Analysis

The Mississippi punitive damages statute, effective July 1, 1993, provides in part:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

MISS. CODE. ANN. § 11-1-65(1)(a). The Mississippi Supreme Court has explained that the types of conduct giving rise to punitive damages "import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others." Bradfield v. Schwartz, 936 So. 2d 931, 936 (Miss. 2006) (quoting Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc., 759 So. 2d 1203, 1215 (Miss. 2000)).

Importantly, the statute specifies that conduct warranting punitive damages must belong to the "defendant against whom punitive damages are sought . . . ." MISS. CODE ANN. § 11-1-65(1)(a). Conversely, a vicarious liability claim under the doctrine of *respondeat superior* "is a derivative claim arising *solely* out of the . . . conduct of [the defendant's] employee within the scope of his or her employment." Crawford Logging, Inc. v. Estate of Irving, 41 So. 3d 687, 690 (Miss. 2010) (quoting J & J Timber Co. v. Broome, 932 So. 2d 1 (Miss. 2006)) (emphasis added). Thus, Werner argues that punitive damages are unavailable against it if the sole source of its liability is found to be through vicarious liability.

Mississippi's district courts have, on many occasions, agreed with Werner's position by recognizing that punitive damages cannot be based on vicarious liability under the Mississippi

3

punitive damages statute. Dinger v. Am. Zurich Ins. Co., 2014 WL 580889, at *4 (N.D. Miss. Feb. 13, 2014); Buckalew v. Schneider Nat. Carriers, Inc., 2014 WL 4146654, at *3 (S.D. Miss. Aug. 19, 2014); Poe v. Ash Haulers, Inc., 2011 WL 2711283, at *5 n.2 (N.D. Miss. July 12, 2011); Lee v. Harold David Story, Inc., 2011 WL 3047500, at *2 (S.D. Miss. July 25, 2011); Dawson v. Burnette, 650 F. Supp. 2d 583, 586 n.1 (S.D. Miss. July 20, 2009); Bradley v. Wal-Mart Stores, Inc., 2006 WL 2792338, at *4 (S.D. Miss. Sept. 27 2006).

Nonetheless, Plaintiffs argue and the Court agrees that there is no directly controlling Mississippi Supreme Court opinion on the issue. See Morea v. Star Transp., 2012 U.S. Dist. LEXIS 154703, at *7 (S.D. Miss. Oct. 29, 2012) ("[I]t does not appear that the Mississippi Supreme Court has clearly answered th[e] question."). Plaintiffs also maintain that many of the federal cases trace their roots back to a dissent from a case arising prior to the effective date of Section 11-1-65, in which Justice Lee predicted that "th[e] statute absolutely forecloses vicarious liability for punitive damages . . . ." Duggins v. Guardianship of Washington Through Huntley, 632 So. 2d 420, 433 (Miss. 1993) (Lee, J., dissenting); see also Dinger, 2014 WL 580889, at *4 (citation omitted) (agreeing that the Mississippi federal courts relied on Justice Lee's dissent).

Importantly, however, the reasoning of Justice Lee and the courts citing his dissent from Duggins is ultimately rooted in the language of Section 11-1-65, which requires proof of conduct belonging to the "defendant against whom punitive damages are sought[.]" See Duggins, 632 So. 2d at 433 (Lee, J., dissenting); Bradley, 2006 WL 2792338, at *4. Additionally, this Court has noted the absence of binding authority on the issue, but has nonetheless held Werner's position to be a correct interpretation of the statute. Dinger, 2014 WL 580889, at *3-*4.

Plaintiffs further counter Werner's position by citing two cases from the Mississippi Supreme Court in which an employer was held liable for punitive damages for the actions of its

employee. Duggins, 632 So. 2d at 430; Indep. Life & Accident Ins. Co. v. Peavy, 528 So. 2d 1112, 1116 (Miss. 1988). But as Werner has correctly noted, these cases were decided prior to the punitive damages statute's effective date, and accordingly do not control the outcome of this case. Dinger, 2014 WL 580889, at *3 (finding cases decided before the enactment of Section 11-1-65, "as they pertain to this limited issue, to be inapplicable.").

Plaintiffs also cite a previous case from this Court, in which an employer was held liable for punitive damages under Section 11-1-65. Grosh v. Tunica Cnty., Miss., 2009 WL 161856, at *8 (N.D. Miss. Jan. 22, 2009). In Grosh, the defendant, Hollywood Casino, suspected the plaintiff of card counting, evicted him from its premises, and sought to obtain his driver's license. Id. at *1. Because plaintiff would not provide his license, Hollywood Casino, through the direction of its security officer, allegedly "seized and searched [plaintiff] and held [him] in handcuffs in the casino's security room . . . in order to obtain his ID card to which the casino was not entitled." Id. at *8. The jury found in the plaintiff's favor on a variety of state law claims and ultimately awarded him punitive damages under Mississippi law. Id. This Court upheld the punitive damages award, finding "sufficient evidence for the jury to conclude that Hollywood acted with actual malice and/or gross negligence evincing a willful, wanton, or reckless disregard for the safety of the plaintiff . . . ." Id.

Plaintiffs argue that this Court's holding in Grosh premises punitive damages on the basis of vicarious liability. To the contrary, however, punitive damages were imposed for conduct directly attributable to Hollywood Casino. Id.[1] Indeed, the terms "vicarious liability" and "*respondeat superior*" never appear in the Grosh opinion. Grosh, therefore, does not apply here,

---

[1] Consistent with the holding in Grosh is the Second Restatement of Torts, under which it is "improper ordinarily to award punitive damages against one who himself is personally innocent and therefore liable only vicariously[,]" although "punitive damages [may be] granted primarily because of the principal's own wrongful conduct." REST. 2D OF TORTS § 909, cmt. b.

5

where the sole issue is whether Werner may be subjected to punitive damages purely for the conduct of its employee. Plaintiffs have not cited and the Court cannot find any authority arising under the current statute in which punitive damages were found to be appropriate as to an employer whose liability is only vicarious.

Given the text of Mississippi Code Section 11-1-65, the wealth of federal cases that have interpreted the statutory language, and the absence of contrary authority, the Court finds that any claim for punitive damages against Werner arising solely through vicarious liability for the conduct of its employee Carvey, is not permitted.

## Conclusion

For the foregoing reasons, Werner's Motion for Partial Summary Judgment [51] is well taken and is GRANTED. A separate order to that effect shall issue this day.

SO ORDERED, this 2nd day of June, 2015.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**